## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RYAN CHRISTOPHER CHEATHAM,**

**Plaintiff,**

v.                                        **CASE NO. 25-3218-JWL**

**TIM EASLEY[1], et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

This matter began with a pro se complaint filed by Plaintiff and state prisoner Ryan

Christopher Cheatham, who is currently incarcerated at El Dorado Correctional Facility ("EDCF")

in El Dorado, Kansas. (Doc. 1.) When Plaintiff submitted his complaint for filing, he also

submitted a motion for leave to proceed in forma pauperis. (Doc. 2.) Under 28 U.S.C. §1915(a)(2):

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security
> therefor . . . shall submit a certified copy of the trust fund account statement (or
> institutional equivalent) for the prisoner for the 6-month period immediately
> preceding the filing of the complaint . . . , obtained from the appropriate official of
> each prison at which the prisoner was or is confined.

Plaintiff did not submit the required account statement with his motion for leave to proceed

in forma pauperis. (*See* Doc. 2.) Instead, he submitted a motion (Doc. 3) asking this Court to order

EDCF to provide him with the account statement, which he says the "facility claims they cannot

[provide] at this time. Please see [a]ttached." *Id.* There are no attachments to the one-page motion,

but at the bottom of the page is a notation: "Unable to print account balance at this time due to

---

[1] The complaint filed in this matter identifies this Defendant as "Warden Easley" and the clerk of this Court entered
this Defendant on the docket as "(fnu) Easley"; the term "(fnu)" stands for "first name unknown." The Court takes
judicial notice that the Warden at Larned State Correctional Facility is Tim Easley and will direct the clerk to amend
the caption accordingly. *See Scott v. Milyard*, 350 Fed. App'x 213, 214 n.* (10th Cir. Oct. 20, 2009) (unpublished)
(taking judicial notice of the spelling of a defendant warden's name and amending the caption to reflect the correct
spelling).

system." *Id.* The statement appears to be signed by "UTSR," who may be an EDCF Unit Team Supervisor. *Id.*

An undated, handwritten note signed by an unknown individual that says "[u]nable to print account balance at this time due to system" does not necessarily reflect the denial of a request for a certified copy of Plaintiff's institutional account statement for the past 6 months. The Court cannot tell from the motion before it whether Plaintiff sought simply an informal printout of his "account balance" or whether Plaintiff sought the certified copy of his account statement for the past 6 months. Moreover, the motion and the note at the bottom are undated and the motion is unsigned.[2] Thus, the Court cannot determine when Plaintiff requested his account balance, when it was denied, or whether EDCF currently is unable to provide Plaintiff with the required certified account statement. The motion to order EDCF to provide the account statement will be denied.

The Court will, however, grant Plaintiff additional time in which to either pay the full $405.00 filing fee or submit the certified account statement required to support his motion for leave to proceed in forma pauperis. If Plaintiff experiences further difficulty obtaining the account statement, he should so inform the Court, in writing and prior to the deadline for compliance with this order, and he should describe as specifically as he is able his efforts to obtain the account statement and any response he received from staff at EDCF. The failure to comply with this order will result in the dismissal of this matter without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that the clerk is directed to amend the caption of this matter to reflect that Defendant Warden Easley's first name is Tim.

---

[2] Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). It is well-established that pro se litigants are required to follow the rules of civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

**IT IS FURTHER ORDERED** that Plaintiff's motion (**Doc. 3**) for an order directing El Dorado Correctional Facility to provide him with the account statement required to support his motion for leave to proceed in forma pauperis is **denied** for the reasons stated in this order.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **November 10, 2025**, to either pay the full $405.00 filing fee for this matter or submit the certified account statement required to support his motion for leave to proceed in forma pauperis.

**IT IS SO ORDERED.**

DATED:   This 10th day of October, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge