IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    **Plaintiff,**

    v.                                                                                              CASE NO. 25-3218-JWL

TIM EASLEY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This is a pro se civil action brought by Plaintiff Ryan Christopher Cheatham, a state prisoner incarcerated at El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. Plaintiff has been granted leave to proceed in forma pauperis and his initial partial filing fee is due on or before December 22, 2025. (Doc. 8.) This matter comes now before the Court on Plaintiff's "Motion for Temporary Restraining Order or Motion for Preliminary Injunction or Motion for Alternative Writ of Mandamus to Court of Appeals or Motion for Relief and[/]or Oral Argument and[/]or Motion for Any Relief." (Doc. 9 (capitalization normalized).) In the motion, which Plaintiff sought to have filed in "all pending cases titled Cheatham 25 and 22," Plaintiff asserts that Kansas Department of Corrections staff are denying him his legal mail and interfering with his access to the courts. *Id.* at 1.

Plaintiff broadly states that all of his prior cases in this Court have alleged the denial of his access to the courts. *Id.* at 2. He asserts more specifically that Unit Team Crawford, who is not a party to this case, falsely told him that an inmate account statement had been filed in this case. *Id.* As Plaintiff points out, this case was dismissed on November 13, 2025 because the Court did not receive an account statement from Plaintiff as ordered. *Id.*; *see also* (Doc. 8). Plaintiff further generally contends that courts have refused to intervene to help him, he is being retaliated against for litigating, and his claims have merit. *Id.* As relief, Plaintiff broadly asks for "help" and asks that if the Court declines to help

1

him, the Court then "forward this as a writ of mandamus so higher courts can intervene." *Id.* (capitalization normalized). Plaintiff also adds that "if [he] had a lawyer all this corruption will stop." *Id.* (capitalization normalized, all other errors in original).

As a threshold matter, Plaintiff is advised that this motion was filed only in this case. The Case Opening Notice the Court mailed to Plaintiff after he began this case states: "Do not file one document with multiple case numbers listed or request filing in all of your pending cases. Documents without a case number may not be filed, and documents with multiple case numbers will only be filed in the first case number listed." Case Opening Notice to Prisoner Pro Se Litigants Filing Civil Rights Complaints, p. 2, mailed to Plaintiff on October 9, 2025; *see also* Prisoner Pro Se Filing Guide, p. 5, *available at* www.ksd.uscourts.gov/prisoner-pro-se-filer. In accordance with these procedures, the motion addressed here was filed only in this case and will be ruled on only in this case.

Turning to the merits of the motion, the Court notes that, even liberally construed, the specific relief Plaintiff seeks is not clear. Although Plaintiff broadly asks for a temporary restraining order or preliminary injunction, he does not specifically identify the acts or parties he wishes the Court to restrain or enjoin. This lack of specificity violates Local Rule 7.1, which requires that motions "must contain . . . a statement of the specific relief sought," among other things. D. Kan. L.R. 7.1(a)(1). Additionally, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiff has not made a clear showing that he is entitled to a preliminary injunction in this matter. *See Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (listing elements that must be demonstrated to obtain a preliminary injunction).

Even liberally construing the motion, the only specific factual allegations therein relate to the dismissal of this case for failure to submit the inmate account statement. But this case was reopened on November 20, 2025, after Plaintiff advised the Court that he relied on staff assurances that the inmate account statement was timely filed. (*See* Doc. 8.) The Court will not scour Plaintiff's currently

pending cases or his past cases to identify other complaints about the handling of legal mail or Plaintiff's ability to access the courts. The Court cannot act as an advocate for Plaintiff. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("We do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). It is Plaintiff's responsibility to support requests for Court action with sufficiently specific facts. Plaintiff's conclusory allegations regarding mishandling of legal mail, interference with access to the courts, and retaliation are not sufficiently specific to justify action by this Court.

To the extent that the motion can be liberally construed to seek the appointment of counsel, it is denied. There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if a motion for counsel is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if this matter survives screening.

Finally, Plaintiff is advised that the Court will not "forward this as a writ of mandamus." (Doc. 9, p. 2.) Again, the Court cannot act as Plaintiff's advocate. *See Hall*, 935 F.2d at 1110. Thus, the Court will not send the motion to another court on Plaintiff's behalf.

**IT IS THEREFORE ORDERED THAT** the motion (Doc. 9) is **denied**.

**IT IS SO ORDERED**.

Dated on this 21st day of November, 2025, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
