FILED
U.S. District Court
District of Kansas
02/19/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    **Plaintiff,**

    v.                                                CASE NO. 25-3218-JWL

TIM EASLEY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility, his claims relate to his incarceration at the Larned State Correctional Facility in Larned, Kansas ("LSCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On January 15, 2026, the Court entered a Memorandum and Order (Doc. 15) ("M&O") finding that this matter is subject to dismissal and granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 19). The Court's screening standards are set forth in the M&O. (Doc. 15, at 4–5.)

**I. Nature of the Matter before the Court**

As Count I, Plaintiff alleges a violation of his Fourteenth Amendment due process rights. (Doc. 19, at 12.) Plaintiff alleges that his due process rights were violated based on his disciplinary proceedings at LSCF. *Id*. at 6. Plaintiff alleges that his disciplinary hearing was terminated "due to [him] not raising [his] right hand to be sworn in, which is against Plaintiff's religious beliefs." *Id*.

1

Plaintiff also alleges that a policy was enforced against him without giving him prior notice of the policy. *Id*. Plaintiff alleges that the policy at issue requires a year in segregation for committing a battery on staff. *Id*. at 7. Plaintiff claims that he was not made aware of the policy prior to his conviction for battery on a staff member. Plaintiff claims that this constituted a violation of K.S.A. 75-5256(b) because all rules and regulations are supposed to be published and made available to all inmates.[1] *Id*.

Plaintiff claims that he was denied release from segregation at his Segregation Reviews. *Id*. at 8. He claims that the Segregation Review Board collectively decided that he had to stay in segregation for one year based on the policy regarding battery on a staff member. *Id*. Plaintiff alleges that his appeal of the conviction was remanded for clarification of the record on October 30, 2024, and was not upheld until July 25, 2025. *Id*. at 7. Plaintiff claims that Defendants took the position that his DR was upheld despite the 9-month delay and there being no proof of clarification of the record. *Id*.

Plaintiff claims that he is not challenging his housing location during segregation, but rather he takes issue with not being made aware of the policy in violation of K.S.A. 75-5256(b). *Id*. at 9. Plaintiff states "[h]ow can I avoid sanctions without knowing the possible penalty." *Id*. He is also challenging the 9-month delay in receiving a ruling on his appeal of the DR, "with no proof of any clarification of the record." *Id*. at 9–10. Plaintiff alleges that the guidelines in K.A.R. 44-13-402, K.A.R. 44-13-404, K.A.R. 44-13-406, K.A.R. 44-13-506, and K.A.R. 44-13-704 were not followed. *Id*.

As Count II, Plaintiff alleges a conspiracy based on Defendants' participation in the Segregation Review Boards, where they "decided together that [Plaintiff] had to stay in

---

[1] The statute also provides that it does not apply to "regulations and orders relating to emergency or security procedures." K.S.A. 75-5256(b).

segregation." *Id*. at 12. Plaintiff alleges that his appeal was not finalized until 9 months after it was remanded for clarification of the record, yet the Defendants "stated it was upheld on appeal when it wasn't." *Id*.

As Count III, Plaintiff alleges a violation of his freedom of religion rights under the First Amendment. *Id*. at 14. In support, Plaintiff alleges that Officer Wyman terminated the disciplinary hearing when Plaintiff failed to raise his right hand to be sworn in. *Id*. Plaintiff alleges that Megan Davis upheld his conviction after she was informed of what happened in the hearing. *Id*. Plaintiff argues that he was not in a court of law, and that he "is a Muslim and it goes against his religious beliefs." *Id*. at 11. Plaintiff argues that there is nothing in K.A.R. 44-13-403 that states that an inmate must be sworn in. *Id*.

Plaintiff names as Defendants: LSCF Warden Tim Easley; KDOC Secretary of Corrections Jeff Zmuda; LSCF Classification Administrator (fnu) Byrum, LSCF Unit-Team Manager Travis Getty; Facility Management CMII Megan Davis; LSCF Deputy Warden Thomas Loomis; LSCF EAI staff members (fnu) Corey and Miranda Schmidt; Major (fnu) Graham at LSCF; LSCF mental health provider (fnu) Uing; LSCF Disciplinary Hearing Supervisor (fnu) East; LSCF Sort Officer and Unit Team Shawn Porkorski; LSCF Master Sergeant and Hearing Officer (fnu) Wyman; LSCF Captain (fnu) Bieberle; and LSCF Lt. (fnu) Lines. For relief, Plaintiff seeks $500,000 in punitive damages. *Id*. at 15.

## II. Discussion

### A. Due Process

"The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). This guarantee applies to prison inmates, but "[p]rison disciplinary proceedings are not part of a criminal prosecution, and

the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has established that protected liberty interests are at issue in the prison setting only when an inmate is subjected to (1) conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or (2) disciplinary actions that "inevitably affect the duration of his sentence." *Harrison v. Morton*, 490 F. App'x 988, 992 (10th Cir. 2012) (quoting *Sandin*, 515 U.S. at 484, 487).

Plaintiff has not alleged that his disciplinary proceedings resulted in the loss of good time credit or otherwise affected the duration of his sentence. He claims that he received placement in segregation as a sanction for his conviction.

Plaintiff has failed to show that his placement in segregation constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"). "Changing an inmate's prison classification . . . ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 F. App'x 31, 34 (10th Cir. 2008) (citing *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (citing *Meachum*, 427 U.S. at 225)); *cf. Wilkinson*, 545 U.S. at 223–24 (finding atypical and significant hardship in assignment to supermax facility where all human contact prohibited, conversation not permitted, lights on 24-hours-a-day, exercise allowed for only

one hour per day in small indoor room, indefinite placement with annual review, and disqualification of otherwise eligible inmate for parole consideration).

Any loss of privileges he has received also fails to create a protected liberty interest. This Court has found that where the duration of a prisoner's sentence is not affected, punishments in the form of privilege restrictions and fines fail to create a protected liberty interest. *See Lewis v. Zmuda*, 2023 WL 8005022, at *10 (D. Kan. Nov. 17, 2023), *aff'd* 2025 WL 1215505 (10th Cir. April 28, 2025) (citing *see Beauclair v. High*, No. 14-3020-SAC, 2015 WL 93636, at *3 (D. Kan. Jan. 7, 2015) (citing *Hornsby v. Jones,* 392 F. App'x 653, 655 (10th Cir. 2010), for the proposition that punishments of fines and segregation for a limited number of days generally fail to implicate a protected liberty interest); *see also Marshall v. Laird*, 2013 WL 3226632, at *3 (D. Kan. June 25, 2013) ("[A] denial of privileges does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, and consequently no liberty interest is at stake where the inmate may be sanctioned with a loss of privileges only."); *Blum v. Federal Bureau of Prisons*, 189 F.3d 477, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (concluding that 90-day disciplinary segregation which left inmate without "store privileges, radio, phone calls, etc." were "such conditions . . . not different in such degree and duration as compared with 'the ordinary incidents of prison life' to be a protected liberty interest under the Due Process clause." (citations omitted))).

Plaintiff alleges in his Amended Complaint that he is not challenging his housing in segregation, but rather the process used in his disciplinary proceedings. He claims that various Kansas regulations were not followed, and that he was not made aware of the policy requiring a one-year placement in segregation for being convicted of a battery on staff. This Court in *Lewis* went on to find that Kansas has not created a liberty interest through state regulations. *Id*. (citing

*see Grossman v. Werholtz*, 264 P.3d 1060, 2011 WL 6385650, *3 (Kan. App. 2011) ("[I]n Kansas, even if a statute or regulation mandates that punishment will not occur absent specified substantive predicates, there is no due process violation unless the resulting administrative punishment results in a significant and atypical hardship for the inmate over and above the inmate's underlying sentence." *Ramirez v. State,* 931 P.2d 1265, 1267 (Kan. App. 1997), *rev. denied* 262 Kan. 962 (1997))).[2] Plaintiff must show good cause why his due process claim should not be dismissed for failure to state a claim.

### B. Conspiracy

Plaintiff alleges a conspiracy based on Defendants' participation in the Segregation Review Boards, where they determined that Plaintiff should remain in segregation. The Court held in the M&O that the Tenth Circuit has considered "a § 1983 conspiracy claim" as "a conspiracy to violate a right protected by § 1983." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 n.6 (10th Cir. 1990) (citations omitted). "Provided that there is an underlying constitutional deprivation, the conspiracy claim allows for imputed liability; a plaintiff may be able to impose liability on one defendant for the actions of another performed in the course of the conspiracy." *Id.* (citations omitted). The Court found in the M&O that because Plaintiff failed to plausibly allege an underlying constitutional violation, he has not stated a plausible claim for relief based on conspiracy liability.

---

[2] Violations of state law or prison regulations do not provide a cause of action under § 1983. *See Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation). As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007).

*See Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1231 (10th Cir. 2020). Plaintiff's Amended Complaint does not cure this deficiency. Plaintiff must show good cause why his conspiracy claim in Count II should not be dismissed for failure to state a claim.

### C. First Amendment

Plaintiff alleges in Count III that his First Amendment right to freely exercise his religion was violated when his disciplinary hearing was terminated based on his refusal to raise his hand to be sworn in. The only support Plaintiff provides is his assertion that he was not in a court of law, and that he is a Muslim and it goes against his religious beliefs. However, in Plaintiff's attached grievance, he claims that the hearing officer terminated his hearing based on Plaintiff's refusal to participate. (Doc. 19–1, at 2.) Plaintiff claims in the grievance that this is a lie because he "raised [his] hand like she ask[ed]." *Id*.

"To state a valid constitutional claim, a prisoner must allege facts showing that officials substantially burdened a sincerely held religious belief." *Williams v. Hansen*, 5 F.4th 1129, 1133 (10th Cir. 2021) (citing *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)). Our Circuit has articulated the following test to determine when the government places a substantial burden on a plaintiff's free exercise of religion:

> The government substantially burdens a person's religions exercise ... when it (1) "requires participation in an activity prohibited by a sincerely held religious belief," (2) "prevents participation in conduct motivated by a sincerely held religious belief," or (3) "places substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in conduct contrary to a sincerely held religious belief."

*Blair v. Raemisch*, 804 F. App'x 909, 916–17 (10th Cir. 2020) (quoting *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1315 (10th Cir. 2010)).

Based on Plaintiff's grievance, it is not clear whether or not Plaintiff raised his right hand

7

at the disciplinary hearing. Plaintiff has provided no factual support as to why raising his hand to be sworn in violated a sincerely held religious belief. Plaintiff merely argues that there is nothing in K.A.R. 44-13-403 that states that an inmate must be sworn in. However, the regulation provides that "[t]he hearing officer shall rule on all matters of evidence. Strict rules of evidence, as used in a court of law, shall not be required, but the hearing officer shall exercise diligence to admit reliable and relevant evidence and to refuse to admit irrelevant or unreliable evidence." K.A.R. 44-13-403(j). In addition, K.A.R. 44-13-106 provides that:

> (a) The warden, a deputy warden, the disciplinary administrator appointed pursuant to K.A.R. 44-13-105, and those persons serving as hearing officers at the facility disciplinary hearings shall be authorized to administer oaths to witnesses in those proceedings.
> (b) Oaths shall be administered in a form and a manner that are in accordance with K.S.A. 54-101 et seq., and amendments thereto.

K.A.R. 44-13-106(a) and (b). K.S.A. 54-103 provides that "[a]ny person having conscientious scruples against taking an oath, may affirm with like effect." K.S.A. 54-103.[3]

Plaintiff provides no details as to his sincerely held religious belief, what was objectionable, or whether he requested or was offered any alternatives such as affirmation. Plaintiff must show good cause why his First Amendment claim should not be dismissed for failure to state a claim.

Plaintiff is ordered to show good cause why this matter should not be dismissed for failure to state a claim. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

---

[3] The Federal Rules of Evidence include a similar provision. *See* Fed. R. Evid. 603 ("Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience."); Advisory Committee Note to Federal Rule of Evidence 603 ("This rule is designed to afford the flexibility required in dealing with religious adults, atheists, conscientious objectors, mental defectives, and children.").

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **March 19, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Amended Complaint should not be dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated February 19, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
