**FILED**
**U.S. District Court**
**District of Kansas**
04/03/2026

**Clerk, U.S. District Court**
By:__JAL__ **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

Plaintiff,

v.                                                    CASE NO.  25-3218-JWL

TIM EASLEY, et al.,

Defendants.

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se civil action under 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility, his claims relate to his incarceration at the Larned State Correctional Facility in Larned, Kansas ("LSCF").  The Court granted Plaintiff leave to proceed in forma pauperis.  On January 15, 2026, the Court entered a Memorandum and Order (Doc. 15) ("M&O") finding that this matter was subject to dismissal and granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies.  Plaintiff filed an Amended Complaint (Doc. 19), and on February 19, 2026, the Court entered a Memorandum and Order (Doc. 22) ("M&O II") ordering Plaintiff to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the M&O II.  This matter is before the Court on Plaintiff's response (Doc. 25).  The Court's screening standards are set forth in the M&O. (Doc. 15, at 4–5.)

I.  **Nature of the Matter before the Court**

Plaintiff's factual allegations in his Amended Complaint are set forth in detail in the M&O II.  In summary, Plaintiff alleges that his disciplinary proceedings at LSCF violated his due process rights (Count I); a conspiracy based on Defendants' participation in the Segregation Review

1

Boards (Count II); and a violation of his freedom of religion rights under the First Amendment (Count III).  In his response, Plaintiff addresses Counts I and III, and states that he will dismiss all other claims.  (Doc. 25, at 3.)  His response does not address his conspiracy claim in Count II, and that claim is dismissed for failure to state a claim as set forth in the M&O II.  *See* Doc. 22, at 6–7 (ordering Plaintiff to show good cause why his conspiracy claim in Count II should not be dismissed for failure to state a claim).

## II. Discussion

The Court may be prohibited from hearing Plaintiff's remaining claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues."  *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Plaintiff has raised the same claims in state court.  Plaintiff filed a state court habeas action under K.S.A. 60-1501 based on these same claims.  *See Cheatham v. Kansas Dep't of Corr.*, Case No. PN-2024-CV-000042 (District Court of Pawnee County, Kansas).  The case was filed on December 3, 2024, and venue

has been transferred several times based on Plaintiff's transfers to facilities in different counties.[1] The case is currently designated as Case No. BU-2025-CV-000294 (District Court of Butler County, Kansas).

Plaintiff alleges in his state habeas action that his due process rights were violated in the same disciplinary hearing that is the subject of his claims in the instant case before this Court. His petition includes the same claims that his due process rights were violated when Officer Wyman terminated the hearing because Plaintiff refused to raise his right hand. The KDOC, as respondent, filed an Answer and Motion to Dismiss on November 26, 2025, which remains pending. Plaintiff filed a response on December 16, 2025, in which he argues that conducting the disciplinary hearing outside of his presence was a due process violation. He attaches the same grievance he relies on in his current case, claiming the hearing officer terminated the hearing based on the allegation that Plaintiff did not want to participate.

Therefore, it appears that all three conditions for *Younger* abstention would be met. The Tenth Circuit has held that " 'unless state law clearly bars the interposition of the federal statutory and constitutional claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.' " *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation omitted). Plaintiff does not allege that state law prevents him from raising the same claims in state court, and in fact he has done just that in his state habeas action. Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d

---

[1] On February 12, 2025, the Pawnee County District Court entered an Order Changing Venue and the case was designated as Case No. LV-2025-CV-000040. On May 20, 2025, the state court entered another Order Transferring Venue back to Pawnee County, and the case was again designated as Case No. PN-2024-CV-000042. On November 19, 2025, the state court entered another Order Transferring Venue to Butler County, Kansas, and the case became designated as Case No. BU-2025-CV-000294.

350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). Where the relief requested includes monetary damages that are unavailable in the pending state court proceedings, the federal court should stay, rather than dismiss, the federal action for damages. *See Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages); *see also Strader v. Kansas Dep't of Corr.*, 583 P.3d 491 (Table), 2026 WL 322593, at *3 (Kan. Ct. App. 2026) (monetary relief is not available in state habeas proceedings) (citation omitted).

Plaintiff's only request for relief seeks $500,000 in punitive damages.[2] (Doc. 19, at 15.) Therefore, Plaintiff should show good cause why this Court should not stay this case based on *Younger* abstention.

## III. Response Required

Plaintiff is required to show good cause why the remaining claims in his Amended

---

[2]   Any request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

4

Complaint should not be stayed based on *Younger* abstention.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's conspiracy claim in Count II is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 1, 2026,** in which to show good cause, in writing to the undersigned, why the Court should not abstain and stay Plaintiff's claims in Counts I and III of his Amended Complaint.

**IT IS SO ORDERED**.

**Dated April 3, 2026, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**