**FILED**
**U.S. District Court**
**District of Kansas**
05/21/2026
**Clerk, U.S. District Court**
By:_SND_ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RYAN CHRISTOPHER CHEATHAM,

      **Plaintiff,**

      v.                            **CASE NO.  25-3218-JWL**

TIM EASLEY, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se civil action under 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility, his claims relate to his incarceration at the Larned State Correctional Facility in Larned, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On January 15, 2026, the Court entered a Memorandum and Order (Doc. 15) ("M&O") finding that this matter was subject to dismissal and granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies.  Plaintiff filed an Amended Complaint (Doc. 19), and on February 19, 2026, the Court entered a Memorandum and Order (Doc. 22) ("M&O II") ordering Plaintiff to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the M&O II.  Plaintiff filed a response (Doc. 25), and on April 3, 2026, the Court entered a Memorandum and Order (Doc. 26) ("M&O III") dismissing Plaintiff's conspiracy claim in Count II and granting Plaintiff until May 1, 2026, in which to show good cause why the Court should not abstain and stay Plaintiff's claims in Counts I and III of his Amended Complaint.  This matter is before the Court on Plaintiff's response (Doc. 27).

The Court found that it may be prohibited from hearing Plaintiff's remaining claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate

1

an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

The Court noted in the M&O III that an online Kansas District Court Records Search shows that Plaintiff has raised the same claims in state court. Plaintiff filed a state court habeas action under K.S.A. 60-1501 based on these same claims. *See Cheatham v. Kansas Dep't of Corr.*, Case No. PN-2024-CV-000042 (District Court of Pawnee County, Kansas). The case was filed on December 3, 2024, and venue has been transferred several times based on Plaintiff's transfers to facilities in different counties.[1] The case is currently designated as Case No. BU-2025-CV-000294 (District Court of Butler County, Kansas).

The Court found that all three conditions for *Younger* abstention would be met. The Tenth Circuit has held that " 'unless state law clearly bars the interposition of the federal statutory and constitutional claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.' " *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation omitted). Plaintiff does not allege that state law prevents him from raising the same claims in state court, and in fact

---

[1]  On February 12, 2025, the Pawnee County District Court entered an Order Changing Venue and the case was designated as Case No. LV-2025-CV-000040.  On May 20, 2025, the state court entered another Order Transferring Venue back to Pawnee County, and the case was again designated as Case No. PN-2024-CV-000042.  On November 19, 2025, the state court entered another Order Transferring Venue to Butler County, Kansas, and the case became designated as Case No. BU-2025-CV-000294.

he has done just that in his state habeas action.  Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). Where the relief requested includes monetary damages that are unavailable in the pending state court proceedings, the federal court should stay, rather than dismiss, the federal action for damages.  *See Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages); *see also Strader v. Kansas Dep't of Corr.*, 583 P.3d 491 (Table), 2026 WL 322593, at \*3 (Kan. Ct. App. 2026) (monetary relief is not available in state habeas proceedings) (citation omitted).

Plaintiff's only request for relief seeks $500,000 in punitive damages.[2] (Doc. 19, at 15.) The Court ordered Plaintiff to show good cause why the remaining claims in his Amended

---

[2]  Any request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  42 U.S.C. § 1997e(e).

3

Complaint should not be stayed based on *Younger* abstention. In his response, Plaintiff alleges that he is giving notice that his state claim has been resolved because the state court denied his request for an evidentiary hearing. (Doc. 27.) Plaintiff asks the Court not to stay this case because his state claim has been "finalized/concluded." *Id*. However, an online Kansas District Court Records Search shows that Plaintiff's state court proceedings remain pending. *See Cheatham v. Kansas Dep't of Corr.*, Case No. BU-2025-CV-000294 (District Court of Butler County, Kansas). Plaintiff alleges that the state court resolved the case at a hearing on March 30 or 31, 2026. (Doc. 7.) Although the docket shows that a Review Hearing was held on March 31, 2026, nothing in the docket reflects a ruling or an order disposing of the case. The docket shows that the case is "pending."

The Court stays this case pending resolution of Plaintiff's state court proceedings. If Plaintiff has an order or other documentation showing that the case has been resolved, he should provide that to the Court. Otherwise, Plaintiff should notify the Court when his state court proceedings have concluded through an order by the state court or documentation on the state court docket showing the case is no longer pending.

**IT IS THEREFORE ORDERED** that this matter is **stayed** pending resolution of Plaintiff's pending state court proceedings. Plaintiff should notify the Court when his state court proceedings have concluded.

**IT IS SO ORDERED**.

Dated May 21, 2026, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

4